# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| QUINNOVA PHARMACEUTICALS, INC., <br> A DELAWARE CORPORATION, <br><br> PLAINTIFF, <br><br> v. <br><br> QUONOVA, LLC, <br> A DELAWARE CORPORATION, <br><br> XL TECHGROUP, LP, <br> A DELAWARE CORPORATION, <br><br> XL TECHGROUP, INC. <br> A DELAWARE CORPORATION, <br><br> XL TECHGROUP FOUNDERS, LLC <br> A DELAWARE CORPORATION, <br><br> XL TECHGROUP INTERMEDIARY, LLC <br> A DELAWARE CORPORATION, <br><br> AND <br><br> XL TECHGROUP G.P., LLC <br> A DELAWARE CORPORATION, <br><br> DEFENDANTS. | Civil Action No. 6:08-CV-1027-ORL-31-KRS <br><br><br> COMPLAINT <br> (Injunctive Relief Requested) |

Plaintiff, Quinnova Pharmaceuticals, Inc., a Delaware Corporation ("Quinnova") for its Complaint against Quonova, LLC ("Quonova"), XL TechGroup Founders, LLC, XL TechGroup G.P., LLC, XL TechGroup, Inc., XL TechGroup Intermediary, LLC, and XL TechGroup, LP ("XL TechGroup"), (collectively "Defendants" (together the "Parties")) states the following:

28067/001/834012.1

## STATEMENT OF THE CASE

This is a suit by Quinnova against Defendants for damages, treble damages and/or profits, injunctive relief, compensatory damages, pre-judgment interest, attorneys' fees, investigators' fees, costs and expenses from the Defendants for each of Quinnova's marks that the Defendants have willfully infringed. Defendants are being sued by Quinnova as a result of Defendants' use of the mark "QUONOVA" and "QUONOVA (and design)" which infringe numerous QUINNOVA marks, for which Quinnova has obtained US Federal and Florida State registrations, and in which Quinnova has developed substantial common law rights. As set forth below, Defendants' unlawful acts constitute federal trademark infringement, false designation of origin, Florida State trademark infringement, and unfair competition.

## PARTIES AND JURISDICTION

### Plaintiff

1. Quinnova is, and at all times material hereto has been, a corporation organized under the laws of the State of Delaware with its principal place of business at 301 South State Street, Suite N001, Newtown Pennsylvania, 18940.

### Defendants

2. Upon information and belief, Defendant Quonova is a Delaware Corporation transacting and doing business at 1901 S. Harbor City Boulevard, #300, Melbourne, Florida 32901. It is subject to the jurisdiction of this Court, conducts business in the state of Florida by offering to sell merchandise in this State.

3. Upon information and belief, Defendants Quonova, LLC, XL Techgroup, LLP, XL Techgroup, Inc., XL Techgroup Founders, LLC, XL Techgroup Intermediary, LLC, and XL Techgroup G.P., LLC are all Delaware corporations having an address of 1901 S. Harbor City

Boulevard, #300, Melbourne, Florida 32901. They are subject to the jurisdiction of this Court, conduct business in the state of Florida by offering to sell services and merchandise in this State.

### Jurisdiction and Venue

1. This Court has jurisdiction over the federal trademark claims asserted in this action under 15 U.S.C. §1121, and 28 U.S.C. §§1331 and 1338.

2. This Court has supplemental jurisdiction over the claims in this Complaint which arise under state statute and the common law of the State of Florida pursuant to 28 U.S.C. § 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

3. Defendants reside and do business in the Middle District of Florida and have committed the acts complained of herein in this District.

4. Defendants are subject to the jurisdiction of this Court pursuant to and in accordance with Rule 4 of the Federal Rules of Civil Procedure.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391 (b).

6. These claims arise under the Lanham Federal Trademark Act of 1946 as amended, 15 USC § 1051 *et seq*. This Court has jurisdiction of this matter pursuant to 15 USC § 1121; 28 USC §§ 1331 and 1338 (a) and (b), and principles of pendent jurisdiction. Venue is proper pursuant to 28 USC § 1391 (b).

### Quinnova Pharmaceuticals

7. Plaintiff Quinnova is a specialty pharmaceutical company focused on the development and commercial sale of prescription drug products based on innovative dermal drug delivery platforms. Quinnova has launched several proprietary products, all of which are marketed using Quinnova's distinctive "QUINNOVA" mark. Quinnova owns several trademark

registrations and applications, including the following: **QUINNOVA PHARMACEUTICALS**, Federal Registration Number 3386466 (United States Patent and Trademark Office); **QUINNOVA**, Federal Serial Number 77404068 (United States Patent and Trademark Office); **QUINNOVA**, Florida State Registration Number T08000000329, among others, for dermatological pharmaceutical products; pharmaceutical preparations for treating skin disorders; pharmaceutical preparations for use in dermatology; and pharmaceutical skin lotions. In addition, Quinnova has developed common law rights and goodwill in the mark QUINNOVA as a result of its substantial and continuous use thereof (together, the Quinnova Trademarks).

### Defendants' Infringement of the Quinnova Trademarks

8. Upon information and belief, Defendants are using the mark QUONOVA in connection with the marketing and/or sale of products involving topical and systemic therapeutics in acute and chronic infection (pulmonary, vascular, genitourinary systems and wound-healing); medical devices (ventilators, catheters, heart valves, orthopedic devices); consumer care (oral and eye care, dermatology, personal hygiene); and domestic and industrial (cleaning or protective products, oil refining, water processing); and other pharmaceutical and biotechnological applications. Defendants have filed applications to register the marks QUONOVA and QUONOVA (with design) with the US Patent and Trademark Office, for "antimicrobial substances for medical purpose, antimicrobial pharmaceuticals, antimicrobial coatings to prevent growth of microorganisms," Serial Numbers 77125569 and 77461148, respectively (the Infringing Marks).

9. Defendants' use of the Infringing Marks infringes the Federal, State, and common law trademark rights of Quinnova in the Quinnova Trademarks in that there is likelihood of confusion of the consuming public as a result of Defendants' use of QUONOVA for

pharmaceutical products and Quinnova's use of the QUINNOVA trademarks for pharmaceutical products.

### FIRST CLAIM FOR RELIEF

**(Federal Trademark Infringement  
15 U.S.C. §1114)**

10. Quinnova hereby incorporates by reference the allegations set forth above.

11. Upon information and belief, notwithstanding Plaintiff's QUINNOVA Trademarks, Defendants are offering for sale and marketing pharmaceutical products using the name "QUONOVA", in or affecting interstate commerce.

12. Defendants' use of the Infringing Trademarks is likely to cause confusion, mistake and deception among the general purchasing public and/or vendors and/or state or federal authorities as to the origin of Defendants' goods and services, and is likely to deceive the public into believing that its products and services originate from, are associated with or is otherwise authorized by Quinnova, all to the damage and detriment of Quinnova's reputation, goodwill and sales.

13. Defendants' aforesaid actions constitute trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. §1114.

14. Plaintiff has no adequate remedy at law and, if Defendants' activities are not enjoined, will continue to suffer irreparable harm and injury to its goodwill and reputations.

15. By reason of the foregoing, Defendants are liable to Quinnova for any and all remedies provided by 15 U.S.C. § 1117.

### SECOND CLAIM FOR RELIEF

**(False Designation of Origin  
15 U.S.C. § 1125)**

16.     Quinnova hereby incorporates by reference the allegations set forth above.

17.     Defendants' use in commerce of the Infringing Marks is likely to confuse the consuming public and/or the trade and regulatory bureaus, into believing that Defendants' products and services are authorized or associated with Quinnova, to Defendants' profit and Quinnova's irreparable damage and injury.

18.     Such false designation of source and/or origin violates Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

19.     Plaintiff is, and will continue to be, damaged irreparably by such false representations in that the purchasing public will be confused as to the true source, sponsorship and/or origin of goods and services bearing the Infringing Marks, unless Defendants are restrained by this Court.

20.     Upon information and belief, Defendants' use of the Quinnova Trademarks was willful and intentional.

21.     Quinnova has no adequate remedy at law and, if Defendants' activities are not enjoined, will continue to suffer irreparable harm and injury to its goodwill and reputation. Quinnova has suffered pecuniary loss and damages from Defendants' aforesaid actions in an amount yet to be determined.

22.     The use by Defendants of infringing marks confusingly similar to the Quinnova Trademarks on Defendants' products and services constitutes false descriptions and representations and is a false designation of origin which is likely to cause confusion and mistake in the minds of consumers, the public and the trade.

23.     Defendants' wrongful and illegal acts set forth above constitute false designations of origin in violation of 15 U.S.C. § 1125.

6

24. The unlawful acts of Defendants have and will continue to cause irreparable injury to Quinnova.

25. By reason of the foregoing, Defendants are liable to Quinnova for any and all remedies provided by 15 U.S.C. § 1117.

### THIRD CLAIM FOR RELIEF
**(Unfair Competition under the Common Law)**

26. Quinnova hereby incorporates by reference the allegations set forth above.

27. This is a claim against Defendants for unfair competition under the laws of the State of Florida.

28. Quinnova has built up valuable goodwill in its Quinnova Trademarks.

29. Defendants' use of the QUONOVA Marks is likely to and does permit Defendants to pass off their products as those of Quinnova, all to the detriment of Quinnova and the unjust enrichment of Defendants.

### FOURTH CLAIM FOR RELIEF
**(Florida State Trademark Infringement, Chapter 495, Florida Statutes)**

30. Quinnova hereby incorporates by reference the allegations set forth above.

31. Quinnova owns a Florida State Trademark Registration for the mark "QUINNOVA," Registration Number T08000000329, registered March 17, 2008, with the Secretary of State of the State of Florida.

32. Quinnova's registration is prima facie evidence of its ownership of the QUINNOVA mark, and of Quinnova's exclusive right to use the mark in the State of Florida in connection with the goods or services specified in the certificate.

33. Defendants use of the Infringing Marks Quinnova's rights in its Florida State Registration for QUINNOVA, inasmuch as such use is without the consent Quinnova; and

Defendants' use of the Infringing Marks in connection with the marketing and sale of pharmaceutical and other products is likely to cause confusion or mistake or to deceive as to the source or origin of such goods or services, such that the consuming public may come to believe that Defendants' products and services originate with Quinnova.

### REQUEST FOR RELIEF

**WHEREFORE**, Quinnova requests judgment against Defendants as follows:

I.   That preliminary and permanent injunctions be issued enjoining Defendants and their agents, servants, employees and those persons in active concert or participation with them, from:

   A.   manufacturing, promoting, advertising, marketing, distributing, displaying, selling, or offering to sell merchandise bearing infringements of any of the Quinnova Trademarks;

   B.   infringing, the Quinnova Trademarks, including using any of the Quinnova Trademarks, or any marks similar thereto in connection with manufacturing, promoting, advertising, distributing, displaying, selling, or offering to sell any unauthorized goods or unauthorized services;

   C.   using any logo, trade name, or trademark which may be calculated to falsely represent that the services or products of Defendants are sponsored by, authorized by, endorsed by, or in any way associated with Quinnova;

   D.   falsely representing themselves as being connected with Quinnova, or sponsored by or associated with Quinnova, or engaging in any act which is likely to falsely cause the trade, retailers and/or members of the public to erroneously believe that Defendants and/or their products are in any way endorsed by, approved of, and/or associated with Quinnova;

E.  using any infringement of the Quinnova Trademarks in connection with manufacturing, promoting, advertising, distributing, displaying, selling, or offering to sell any unauthorized goods or services, including, without limitation, items bearing a reproduction, infringement, copy, or colorable imitation of the Quinnova Trademarks;

F.  disposing, destroying, altering, moving, removing, concealing, tampering with or in any manner secreting any business records of any kinds, including invoices, correspondence, books of account, receipts or other documentation relating or referring in any manner to the manufacture, promotion, marketing, advertisement, receipt, acquisition, importation, distribution, purchase, display, sale or offer for sale of any merchandise bearing an infringement of the Quinnova Trademarks;

G.  possessing, receiving, manufacturing, assembling, distributing, displaying, advertising, marketing, promoting, returning, selling, offering for sale or otherwise disposing of any products, labels, tags, signs, prints, packages, wrappers, receptacles, advertisements, or other items bearing an infringement of the Quinnova Trademarks, or disposing of any means of producing these items; and

H.  knowingly instructing, aiding or abetting any other person or business entity in engaging in any of the activities referred to in subparagraphs A through G above.

II.  That preliminary and permanent injunctions be issued

A.  requiring Defendants to deliver up to Quinnova all materials including but not limited to brochures, signage, letterheads, business cards, advertisements, catalogs, circulars, signs, tents, labels and products bearing the QUINNOVA mark or any mark similar thereto, for destruction or other disposition at Quinnova's sole discretion;

28067/001/834012.1

      B.      Ordering defendants to notify their customers and vendors that their companies, and the products and services they market and sell, are in no way connected with Quinnova;

      C.      Ordering the Secretary of State of Delaware to cancel the corporate name "QUONOVA LLC."

III.     That Quinnova be awarded a sum that is just under the circumstances as provided for by 15 U.S.C. § 1117.

IV.     That Quinnova be awarded pre-judgment interest in accordance with 15 U.S.C. § 1117.

V.     That Quinnova have a recovery from Defendants of all costs and expenses of this action, including, but not limited to, Quinnova's attorneys' fees and investigators' fees as provided for under 15 U.S.C. § 1117.

VI.     That Quinnova have all other and further relief as the Court may deem just and proper under the circumstances of this action.

Respectfully submitted,

Dated: June 24, 2008
Miami, FL

*[signature]*

Scott E. Perwin, Esq. (Trial Counsel)
Florida Bar # 710083
KENNY NACHWALTER, P.A.
201 S. Biscayne Blvd., Suite 1100
Miami, FL 33131-4327
Telephone: (305) 373-1000
Facsimile: (305) 372-1861
sperwin@kennynachwalter.com

28067/001/834012.1

Cathryn A. Mitchell, Esq.
Florida Bar # 771473
COWAN, LIEBOWITZ & LATMAN, P.C.
1133 Avenue of the Americas
New York, NY 10036
Phone (609) 203 1524
Fax (212) 575 0671
cam@cll.com

*Attorneys for Quinnova*

11

28067/001/834012.1